## COOPER *et al. v.* FREDERICK.

Where a petition seeks a specific performance, and the settlement of a partnership business, it should set forth the amount of capital invested by each partner; the method of carrying on the business, and the leading facts and conditions upon which the partnership was formed, and under which plaintiff seeks to recover.

A decree should not give more or greater relief than is claimed in the petition.

Two of three joint tenants cannot agree upon a division of their land that will be binding upon the third.

A settlement of accounts between two partners cannot be binding upon the third partner, without his consent.

In making a final settlement between partners, and a division of the lands, the court should examine into all the circumstances, rights and equities of the respective partners, and arrange the settlement and division accordingly.

IN EQUITY. *Appeal from Polk District Court.*

*Opinion by* HALL, J. The petition of B. F. Frederick, in this cause, shows that on the 20th of April, 1846, a co-partnership was entered into, between the petitioner, John F. Frederick and Jacob Frederick. The objects and purpose of the partnership were to purchase and improve lands, and carry on a farming business. That the contract was reduced to writing on the 20th of November, 1847. That the firm purchased some twelve hundred acres of land, the title to which was taken in the name of Jacob Frederick; that large and valuable improvements were made upon a part of said lands, and some personal property was accumulated by the firm. That in April, 1849, John S. Fredrick withdrew from any further labor or attention to business of said firm, and went to California, without any settlement of his interest in said firm. The petitioner continued in the business of the firm until October 1, 1850, when all further action and business between said partners, were closed and discontinued by mutual consent of the petitioner and said Jacob

Frederick. That in June, 1850, about one hundred and ninety acres of the land were surveyed off from the partnership lands, and by a parole arrangement and agreement between Jacob Frederick and petitioner, were to be conveyed to the petitioner B. F. Frederick, by said Jacob Frederick. That in accordance with said agreement petitioner went into the possession of the lands and has since made large and valuable improvements thereon, that a final settlement was made of the personal property of the firm between petitioner, and Jacob, except the sum of fifty dollars for each year, which by the articles of partnership was to be allowed to petitioner. That they were unable to agree as to the division of the land, which remained unsettled. That on the 6th of May, 1852, Jacob Frederick departed this life. The petitioner makes the executors and heirs of Jacob Frederick, deceased, and John S. Frederick parties, and asks judgment for the amount due for labor, and asks a specific performance of the contract as regards the 190 acres set off to petitioner and a division of the partnership estate.

Several of the heirs were not personally served with process, but publication was made before the return term of the notice.

At the return term, a default was entered, and a decree *pro confesso*, taken and a specific performance decreed for the 190 acres of land, and one thousand eight hundred dollars in money, against the executors of the estate, to be levied generally from the assets of said estate.

The defendants appeal to this court. Several exceptions were taken to the manner of bringing the defendants into court, which it is unnecessary to decide.

This petition is very inartificially drawn up; indeed it is so defective that it is doubtful whether any decree could have been properly rendered upon it. It is almost barren of the main facts upon which the court must adjudicate in order to properly settle up the business of the partnership. The petition does not show the amount of the original capital invested, nor the interest of either partner, nor the

mode and manner of conducting the business, nor fix any basis by which the court can decree an account and settlement of the partnership property.

The decree of the court below appears to have gone further in error, and to have granted more than the petition would justify, and decreed a liability against the individual property of one partner, in order to give the petitioning partner, his share of the partnership assets.

If the articles of partnership provide for the division of the assets, they should be followed; and if they show the amount of capital originally invested by each partner, that should control; but in the absence of such provisions and evidence, it was absolutely necessary for the court to ascertain those facts, and the amount of the assets now remaining, and make a settlement that will give each party what he is entitled to receive. If the land is not susceptible of a just division, it should be sold and the proceeds divided.

In regard to the specific performance of the parole contract between Jacob and B. F. Frederick, that must be settled upon some principle not now prescribed. Jacob Frederick, so far as the petition discloses his power and interest, had no authority or right as against John S. Frederick, to agree to convey the land. He could not dispose of John S. Frederick's equitable interest. The decree of the court, so far as it divests John of his interest, goes beyond the petition, and is not authorized.

The settlement between Jacob and B. F. Frederick will not bind John S. Frederick. As far as we can see, the whole matter of the partnership remains unsettled. The 190 acres of land upon which B. S. Frederick has settled; and which were set off to him by Jacob, are still equitably and legally a part of the partnership assets, and must be treated as such. In making a final settlement and division of the property, the court will look into the peculiar circumstances, and if consistent with the rights of the parties, will protect B. F. Frederick in his rights, by allowing

him for improvements and benefits which he has bestowed upon the land; and if the land is partitioned amongst the partners, the court may allow him to retain this specific tract as a portion of his share.

Decree reversed.

*Bates* and *Parish*, for appellant.

*Geo. G. Wright* for appellee.